# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2012

No. 11-50630
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ELISEO HERNANDEZ-CABEZAS, also known as Juan Ramos, also
known as Jose Hernandez, also known as Jose Hernandez-Cabezas,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-759-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Eliseo Hernandez-Cabezas appeals the 30-month concurrent
sentences imposed in connection with his convictions for attempted illegal
reentry after deportation and false personation in immigration matters.
Hernandez-Cabezas argues that his sentences, which are at the bottom of the
applicable guidelines range, are substantively unreasonable. Relying on *United
States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), Hernandez-Cabezas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

argues that his guidelines range was based in part on his stale 1989 conviction and thus resulted in an unreasonable sentence. He also contends that the presumption of reasonableness should not apply because U.S.S.G. § 2L1.2 is not empirically based and that the district court failed to account for his personal circumstances when imposing the sentences.

Although he filed objections to the presentence report and a sentencing memorandum requesting a sentence below the guidelines range, Hernandez-Cabezas failed to object to his sentence after it was imposed. Arguably, this court's review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). This court need not determine whether plain error review is appropriate because Hernandez-Cabezas's arguments fail even under the abuse-of-discretion standard of review. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Because Hernandez-Cabezas's sentences were within his advisory guidelines range, his sentences are presumptively reasonable. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009). Hernandez-Cabezas's challenge to the presumption of reasonableness is foreclosed by this court's precedent. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009). This court has also rejected the reasoning of *Amezcua-Vasquez* and has held "that the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences." *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011).

The district court listened to Hernandez-Cabezas's arguments for a lesser sentence but imposed a sentence within the guidelines range. His motives for reentering the United States do not render his sentences substantively unreasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Hernandez Cabezas has not shown sufficient reason for this court to

disturb the presumption of reasonableness applicable to his sentences. *See Cooks,* 589 F.3d at 186.

Accordingly, the judgment of the district court is AFFIRMED.